220 So.2d 611

CONTINENTAL NATIONAL AMER-
ICAN GROUP

v.

Early BURLESON et al.

6 Div. 430.

Supreme Court of Alabama.

March 6, 1969.

London, Yancey, Clark & Allen, Birmingham, for appellant.

Baker, McDaniel & Hall, Birmingham, for Alabama Farm Bureau Mut. Cas. Ins. Co.

BLOODWORTH, Justice.

On original submission, this case was assigned to another Justice, and re-assigned to the writer February 4, 1969.

This appeal is from a decree in a declaratory judgment action holding that a policy of insurance issued by appellant, Continental National American Group, a Corporation (complainant below), affords primary coverage for respondents, Harry Lee Ellis, Jr., and Harry Lee Ellis, Sr., and that respondent, Alabama Farm Bureau Mutual Casualty Insurance Company, is not liable to Harry Ellis, Jr., and Harry Ellis, Sr., unless and until damages are awarded against them in excess of the limits stated in the declarations of the policy issued by Continental.

The facts out of which this suit arose are as follows. On May 9, 1965, Harry Lee Ellis, Jr., while operating a vehicle owned by Ralph Hinson, was involved in an automobile accident with a car occupied by Early Burleson and C. B. Glover. Burleson and Glover received personal injuries and each sued Harry Lee Ellis, Jr., and his father, Harry Lee Ellis, Sr., claiming damages for such injuries.

At the time of the accident, Continental had a Garage Liability Policy covering automobiles used in the garage business of J. C. Hinson so long as they were being used with permission. Ellis, Jr., was operating such an automobile with J. C. Hinson's permission. Ellis, Sr., had an Automobile Family Protector Policy in force with Alabama Farm Bureau covering his son's operation of non-owned vehicles.

Continental and Alabama Farm Bureau each claimed the other insurance company was primarily responsible and should defend the lawsuits. As they were not able to resolve this dispute, Continental filed its bill for declaratory judgment asking the court to determine its liability to Burleson and Glover under the policy of insurance issued to J. C. Hinson.

Briefly, the controversy is between Continental's Garage Liability Policy (with a "pro-rata" provision contained in an "other insurance" clause) and Alabama Farm Bureau's Family Protector Policy (with both "pro-rata" and "excess" provisions contained in an "other insurance" clause) as to which insurer has the primary liability to defend the suits and pay damages within the policy limits.

Continental's Garage Liability Policy provides that each of the following is an insured under the terms of its policy " * * * any person while using, with the permission of the named insured, an automobile to which the insurance applies * * *." It is conceded by Continental that Ellis, Jr., was an "insured" under the policy as he was driving an automobile used in the garage business with permission of the named insured.

Alabama Farm Bureau's policy provides, "Such insurance as is afforded by this policy under coverages A, B, * * * with respect to the automobile applies to the use of a non-owned private passenger or utility automobile by the named insured or a relative * * *." The policy defines "insured" as including: " * * * (1) The named insured, and also includes (2) his relatives, (3) any other person while using the automobile, provided the actual use of the automobile is with the express permission of the named insured * * *." It is conceded that Ellis, Jr., was an "insured" under the terms of the Alabama Farm Bureau policy.

The Continental policy also contains the following condition:

"Other Insurance. If the insured, or with respect to Part II the claimant, has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

*"The above shall not apply with respect to other insurance stated to be applicable to the loss only as excess insurance over any other valid and collectible insurance*

or on a contingent basis." [Emphasis supplied]

This is what is commonly referred to as a "pro-rata" clause.

Alabama Farm Bureau's policy contains the following clause:

"Other Insurance.

"If the insured has other insurance against liability or loss covered by this policy, the Company under all coverages shall not be liable for a greater proportion of such liability or loss than the applicable limit of liability bears to the total applicable limit of liability of all collectible insurance against such liability or loss.

"All of the foregoing provisions and all coverages are subject to the following:

\* \* \* \* \* \*

"(b) *The insurance with respect to* a temporary substitute automobile, a trailer and *a non-owned automobile shall be excess over other collectible insurance.*" [Emphasis supplied]

The latter clause constitutes what is commonly referred to as an "excess" clause.

Appellant, Continental, contends that the lower court erred in finding that its garage liability policy affords primary coverage for respondents, Ellis, Sr., and Ellis, Jr., and that the Alabama Farm Bureau policy affords secondary coverage to respondents which does not come into effect until the primary coverage of Continental is exhausted. Continental argues the policies ought to share pro-rata to the limits of each policy because "other insurance" clauses do not apply between these insurers as there is no "other insurance" under either policy since the policies cover different insureds. It says that our Alabama decisions hold there is no "other" or "double" insurance unless the two insurance policies cover the same interest, the same subject matter, and are against the same risks, and each policy was taken out by the same named insured. It cites United States Fire Ins. Co. v. Hodges,

275 Ala. 243, 154 So.2d 3; Southern Guaranty Insurance Company v. Jones, 279 Ala. 577, 188 So.2d 537. In the case before us, Continental insists that Ellis, Sr., is not the named insured in the Continental policy, nor did he take out the policy, and that these two ingredients are necessary for the "other insurance" provisions to apply. Continental says that "Each insurance company should do what it promised to do in the first instance before it began to limit its liability by the use of the 'Other Insurance' clauses." It suggests that we ought to follow Lamb-Weston, Inc. v. Oregon Automobile Insurance Co. (1959), 219 Or. 110, 341 P.2d 110, 346 P.2d 643, 76 A.L.R.2d 485 and pro-rate the losses between Continental and Alabama Farm Bureau.

Appellee, Alabama Farm Bureau, on the other hand, contends that this is a question of first impression in Alabama, and that we must decide whether to follow the majority view as applied by the court below, or the minority, and often criticized "Oregon Rule" as enunciated in the *Lamb-Weston* case, supra. Alabama Farm Bureau says the question is not if and how much it is to pay, but when it is to pay, whether it is to share pro-rata in the losses or as excess insurance. (It need not be pointed out here that the insured, in either case, gets the full benefit of both coverages.) Alabama Farm Bureau says that an "excess clause" such as in its policy provides no coverage at all until the coverage afforded by the primary policy with a "pro-rata" clause is exhausted. That is, a non-ownership policy with an "excess clause" simply does not constitute "other valid and collectible insurance" within the meaning of that term in the "pro-rata" clause of the primary insurance. It cites 45 C.J.S. Insurance § 925, p. 1040; 8 Appleman, Insurance Law and Practice, § 4914, p. 400; 16 Couch on Insurance 2d, 62:71, 72, pp. 518–519; 76 A.L.R.2d, Anno., p. 502 "Liability Insurers—Apportionment"; 7 Am.Jur.2d, Automobile Insurance, § 202, p. 544. Alabama Farm Bureau also urges that neither *Hodges*, supra, nor *Jones*, supra, are applicable to this case. Alabama Farm

Bureau insists that by the very terms of Continental's policy it is required to pay the full amount of its coverage without benefit of Alabama Farm Bureau's policy, since its policy specifically provides that its pro-rata clause does not apply to other insurance which is applicable only as "excess" over any other valid and collectible insurance.

We are clear to the conclusion that the majority rule is that where an automobile owner has a policy with an omnibus clause, and an additional insured has a non-ownership policy providing that is shall only constitute excess insurance over and above any other, valid, collectible insurance, the owner's insurer has the primary liability and the excess insurer secondary liability after the primary insurance is exhausted. By virtue of this rule, no consideration is given to the "other insurance" clause in the primary policy, providing that if the additional insured has other valid and collectible insurance, the insurer is not liable except on a pro-rata basis because the insurance under the excess policy is not regarded as other collectible insurance, it not being available to the insured until the primary policy is exhausted. 8 Appleman, Insurance Law and Practice, supra; 16 Couch on Insurance 2d, supra; 76 A.L.R.2d supra; United States Fidelity & Guaranty Co. v. Slifkin (N.D.Ala.), 200 F.Supp. 563. As stated by Chief Judge Lynne in that case, at 200 F.Supp. 579:

"* * * the overwhelming majority of the decisions from other jurisdictions have given full effect to the 'excess insurance' clauses, making the insurer with the 'pro rata' clause primarily liable to the full extent of its policy. * * * Although the automobile liability insurances involve the additional fact that the 'excess' clause is usually tied to the 'non-ownership' coverage while the 'pro rata' clause is related to the ownership coverage, this factor does not seem to have been considered at all determinative in the decided cases * * *. * * * The theory of these cases is simply that by virtue of the 'excess insurance' clause there is no other 'valid and collectible' insurance within the meaning of that phrase as used in the 'pro rata' clause. * * *"

As stated in 16 Couch on Insurance 2d, at page 518, supra:

"* * * As a general rule it is held that where an excess clause and a pro-rata clause appear in concurrently effective automobile liability policies, the prorata clause is disregarded and full effect is given to the excess clause, making the prorata policy the primary insurance."

We consider that these and numerous other well-reasoned authorities fully support the view which we take of this case, which is, that the trial court ruled correctly in the court below.

Appellant, Continental, urges that we follow the "Oregon Rule" of *Lamb-Weston*, supra, and ignore the overwhelming majority of decisions in this country.

In *Lamb-Weston*, one policy contained a "pro-rata" clause and the other contained an "excess" clause. The court found that the "excess" clause in one policy conflicted with the "pro-rata" clause in the other policy, and said at 76 A.L.R.2d 498:

"* * * In our opinion, whether one policy uses one clause or another, when any come in conflict with the 'other insurance' clause of another insurer, regardless of the nature of the clause, they are in fact repugnant and each should be rejected in toto. * * *"

This is what our court did in State Farm Mut. Auto. Ins. Co. v. General Mutual Ins. Co., 282 Ala. 212, 210 So.2d 688, where two policies covered the same accident and both contained "excess" clauses and they were held to be mutually repugnant. We adopted proration according to the policy limits.

But, in the case at bar, the clauses do not conflict. Continental's policy in its "other

insurance" provision contains the "pro-rata" clause followed by: *"The above shall not apply with respect to other insurance stated to be applicable to the loss only as excess insurance over any other valid and collectible insurance or on a contingent basis."* This clause simply provides that it does not apply when other insurance involved is excess insurance. Alabama Farm Bureau's policy says in its "excess" clause that it is "excess" with respect to non-owned automobiles. There would seem to be no conflict nor repugnancy here.

As to Continental's insistence as to the applicability of *Hodges* and *Jones,* we think neither is in conflict with our holding here.

What we said in *Hodges,* supra, was, with respect to "pro-rata" clauses, each referring to "if the insured has other insurance," that in determining whether the "insured" has such "other insurance" the named insured in each policy must be the same, each policy must cover the same interests, the same subject matters and insured against the same risks. If these factors do not exist, we said each "other insurance" clause is disregarded, which is what we did in *Hodges* in refusing to enforce the "other insurance" provisions though we held one insurer primary and the other secondary (the same result reached here). We think *Hodges* does not apply to a situation where, as here, the clauses are neither repugnant nor conflicting. To like effect, as we have already indicated, is our recent holding in State Farm Mut. Auto. Ins. Co. v. General Mutual Ins. Co., supra, with respect to mutually repugnant "excess" clauses.[1]

*Jones,* supra, found coverage under a temporary substitute provision of a filling station employee's personal liability policy where he had an accident while driving his employer's pick-up truck and denied coverage under the employer's family automobile policy because the pick-up was not named

or covered by the policy. As an additional reason to deny coverage under the employer's policy, the lower court held the employee was not the named insured nor were the same vehicles insured so that the "other insurance" provisions of the employer's policy did not apply, following *Hodges,* supra. However, this holding with respect to "other insurance" was obiter dicta and is incompatible with the situation here where there is a pro-rata clause and an excess clause.

A most recent case Dairyland Mutual Insurance Company v. Andersen (1967), 102 Ariz. 515, 433 P.2d 963, involved an almost identical situation to that of the case at bar. There, a corporation's insurer, whose policy contained a "pro-rata" clause, and the insurer of the driver of the corporation's car whose policy contained an "excess" clause with respect to non-owned vehicles, were held not to be repugnant and the driver's policy was held "excess" over the corporation's insurer. The Arizona Supreme Court there said that there is no ambiguity, the policies neither conflict nor are they inconsistent. The corporation's policy provided it would pay a proration of the loss where there is other valid and collectible insurance. The driver's policy likewise provided for pro-rata payment of the loss where there is other valid and collectible insurance but only if the insured owns the vehicle, as to non-owned vehicles it is "excess" to any other insurance. The court said that these "other insurance" clauses are plain and unambiguous and must be applied as written.

We might stop here by adding that we consider Dairyland Mutual Insurance Company v. Andersen, supra, as being a well-reasoned authority for the conclusion we have reached, but there is an additional factor in the case at bar. The Continental policy contains the provision above referred

1. We note that we gave effect to an "other insurance" provision with an "excess clause" (under uninsured motorists coverage) in State Farm Mutual Automobile Ins. Co. v. De La Cruz, 283 Ala.

167, 214 So.2d 909. There we held the policy language was clear and unambiguous, and that Jones, supra, and Hodges, supra, were not applicable.

to specifically providing that its "pro-rata" clause does not apply to such other insurance as is "excess" insurance. Thus, the Continental policy clearly anticipates and provides for just such a contingency as has arisen in the case at bar.

We have, no doubt, unduly prolonged this opinion. However, in view of earnest argument of counsel and our cases of *Jones* and *Hodges,* supra, we felt compelled to consider this problem of "double" or "other" insurance clauses in some depth. May we observe that the problem here is not unique. Such cases have arisen (as we have already indicated) in many jurisdictions in this country.

We conclude with this observation of the Supreme Court of Arizona in *Dairyland* Mutual Insurance Company:

"* * * In light of the host of words which have been written on the subject, we express doubt as to whether anything further could be added which would substantially enlighten the bench or bar. * * *"

Thus, we consider the trial court's rulings to have been correct and that it should be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.