243 So.2d 736

**SAFECO INSURANCE CO. OF AMERICA, a Corp.,**

v.

**Irby C. JONES.**

**Ex parte Irby C. JONES.**

**4 Div. 401.**

Supreme Court of Alabama.

Dec. 17, 1970.

Tipler, Fuller & Melton, Andalusia, for petitioner.

Truman M. Hobbs and Richard H. Gill, Montgomery, and Jack C. Gallalee, Mobile, amici curiae.

Powell & Sikes, Andalusia, and Huie, Fernambucq & Stewart, and Paul G. Smith, Birmingham, for respondent.

**608**

Pillans, Reams, Tappan, Wood & Roberts, Richard W. Vollmer, Jr., and Geary A. Gaston, Mobile, amici curiae.

MERRILL, Justice.

This case presents a question of first impression in Alabama. It involves a construction and application of our Uninsured Motorist statute.

The first such statute was enacted in New Hampshire in 1957. Ours became effective January 1, 1966. At least forty states now have like statutes.

The decisions construing these statutes fall into three general categories: (1) where the statute specifically authorizes an "Other Insurance" exclusion (with which we are not concerned), (2) where the statute was construed as limiting recovery to

the statutory limit (here $10,000.00) to only one policy, and (3) where the statute was construed to allow recovery on more than one policy, even though the statutory limit on one policy was exceeded, if the injured party's injuries exceeded the limits of one of the policies.

Examples of (1) supra are: Grunfeld v. Pacific Auto Ins. Co., 232 Cal.App.2d 4, 42 Cal.Rptr. 516 (1965); LeBlanc v. Allstate Ins. Co., La.App., 194 So.2d 791 (1967), and Vernon v. Harleysville Mutual Casualty Co., 244 S.C. 152, 135 S.E.2d 841 (after South Carolina had amended its statute authorizing the "Other Insurance" exclusion).

Examples of (2) supra are: Maryland Casualty Co. v. Howe, 106 N.H. 422, 213 A.2d 420; Tindall v. Farmers Automobile Management Corp., 83 Ill.App.2d 165, 226 N.E.2d 397 (1967); State Farm Mutual Automobile Ins. Co. v. Bafus, 77 Wash. Dec.2d 732, 466 P.2d 159 (1970), and Harris v. Southern Farm Bureau Cas. Ins. Co., Ark., 448 S.W.2d 652 (1970). This is the line of cases followed by our Court of Civil Appeals.

Examples of (3) supra are: Bryant v. State Farm Mutual Automobile Ins. Co., 205 Va. 897, 140 S.E.2d 817 (1965); Smith v. Pacific Automobile Ins. Co., 240 Or. 167, 400 P.2d 512, and Vernon v. Harleysville Mutual Casualty Co., 244 S.C. 152, 135 S.E.2d 841 (decided on a state of facts occurring prior to the adoption of the amendment authorizing exclusions as noted supra). Cases from courts in Florida, North Carolina, Georgia, Pennsylvania, Nebraska, Kansas, Arizona and Indiana, also in this category, are listed later in the opinion.

Our Uninsured Motorist statute, Act No. 866, Acts of Alabama 1965, Vol. II, p. 1614, listed in the 1958 Recompilation as Tit. 36, § 74(62a), provides:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 74(46) of this title, under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."

The "Other Insurance" clauses of both Miller's policy and Jones' policy provided:

" 'With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Uninsured Motorists shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

" 'Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater

proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.' "

The facts are essentially that appellee Jones was a passenger in an automobile operated by one Edward Miller when it was involved in a collision with an automobile operated by a driver who was uninsured. Appellee suffered severe injuries as a result of this accident. Appellee subsequently recovered an un-contested judgment for $25,000.00 against the uninsured motorist. Miller, at the time of the accident, was insured by Bituminous Casualty Company under an automobile liability policy that included uninsured motorist coverage in the amounts of $10,000.00 per person and $20,000.00 per accident. Bituminous paid appellee $10,000.00, which was the limit of its policy. Appellee then made demand on his insurer, Safeco Insurance Company of America, for $10,000.00 under the uninsured motorist endorsement of his liability policy. This request was denied. An action was then filed against the insurer, Safeco, by the insured Jones for $9,-900.00. A demurrer to the complaint was overruled, and issue was joined by the filing of a plea and answer. The case was submitted to the trial court on the pleadings and stipulation of facts which included a demand for $10,000.00 against Safeco.

The trial court rendered a judgment for the plaintiff, Jones, and against the defendant, Safeco, in the amount of $10,000.-00. From said judgment, an appeal was perfected.

This court is now faced with the same question as was the Court of Civil Appeals. Do we adopt the minority rule, exemplified by the cases listed in (2) supra, or the majority rule, examples of which appear in (3) supra?

The Uninsured Motorist statute of Florida is the same as ours. The first case in that state followed the same path as the instant case. The trial court allowed recovery in spite of the "Other Insurance" exclusion, the District Court of Appeal reversed, and the Supreme Court of Florida quashed the decision of the District Court of Appeal on a certified question in Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689. The question posed to that court was:

"May an automobile liability insurance carrier providing coverage against injury by an uninsured motorist in accord with the requirements of § 627.0851, Florida Statutes [F.S.A.], after accepting a premium for such coverage, deny coverage on the ground that the insured has other similar insurance available to him?"

The answer to that question was in part:

"It is our view that the statute, F.S. § 627.0851, F.S.A., operates to invalidate Condition 5 in the United States Fidelity and Guaranty Company automobile liability insurance policy providing petitioners' coverage against injury by an uninsured motorist. We agree with the chancellor in this respect and quash the decision of the District Court of Appeal."

That court also said:

"It appears to us that the statute expresses the statutory requirements both as to coverage to be provided by the insurer, and as to its sources of recovery of insurance protection it paid from other persons, including other insurers legally responsible for the bodily injury to insureds, to the exclusion of inconsistent language inserted in an automobile liability policy. There appears no latitude in the statute for an insurer limiting its liability through 'other insurance'; 'excess-escape' or 'pro rata' clauses, as attempted in Condition 5. If the statute is to be meaningful and controlling in respect to the nature and extent of the coverage and to the sources of recovery and subrogation of the insurer, all inconsistent clauses in the policy to the controlling statutory language such as are

contained in Condition 5 must be judicially rejected.

\* \* \* \* \* \*

"Our views herein are predicated upon our construction of § 627.0851. We consider that it provides for a limited type of compulsory automobile liability coverage. It appears to require coverage for bodily injury caused by the negligence of an uninsured motorist to the extent of specific limited amounts. It does not permit 'other insurance' clauses in the policy which are contrary to the statutorily limited amounts of coverage. It is clear that the statute does not limit an insured only to one $10,000 recovery under said coverage where his loss for bodily injury is greater than $10,000 and he is the beneficiary of more than one policy issued under § 627.-0851. The statute is designed to protect the insured as to his actual loss within such limits, but being of statutory origin it is not intended that an insured shall receive more from such coverage than his actual loss, although he is the beneficiary under multiple policies issued pursuant to F.S. § 627.0851, F.S.A. \* \* \*"

The *Sellers* case, 185 So.2d 689, has been cited with approval in the next five cases listed.

In Geyer v. Reserve Insurance Company, 8 Ariz.App. 464, 447 P.2d 556, *Sellers* was followed, and later, in Transportation Insurance Company v. Wade, 11 Ariz.App. 14, 461 P.2d 190 (1970), the court said:

"The Transportation Insurance Company states that the purpose of A.R.S. § 20–259.01 was to provide only a minimum amount of uninsured motorist protection, and since the plaintiff has received this minimum from Farmer's Insurance Exchange, recovery should be denied here. It is our opinion that Arizona's uninsured motorist statute is designed to protect the insured as to his actual loss within such limits and his recovery should not extend past his actual loss. However, our statute does not limit an insured to only one $10,000 recovery where his loss exceeds that amount and he is a beneficiary of more than one policy issued under A.R.S. § 20–259.01. While a minimum amount is set by the statute, nowhere does the act place a limit on the total amount of recovery."

In Stephens v. Allied Mutual Ins. Co., 182 Neb. 562, 156 N.W.2d 133 (1968), it was said:

"The general rule is that an insurer may not limit its liability under uninsured motorist coverage by setoffs or limitations through 'other insurance,' excess insurance, or medical payment reduction clauses, and this is true even when the setoff for the reduction is claimed with respect to a separate, independent policy of insurance (workmen's compensation) or other insured motorist coverage. \* \* \*"

In Travelers Indemnity Company v. Williams, 119 Ga.App. 414, 167 S.E.2d 174 (1969), the court said:

"(The Virginia statute) \* \* \* commands that no policy of bodily injury liability insurance shall be issued or delivered unless it undertakes to pay the insured 'all sums' he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle within the limits of the policy. That is plain language. It means that every policy shall so undertake. There is no limitation or qualification of this language anywhere in the statute, nothing at all to indicate that it does not mean what it says. \* \* \*"

The Georgia court also said:

"The appellant insists that Ga.Code § 56–407A intends to provide a limit of $10,000 for any one person in a collision with an uninsured motorist. With this contention we cannot agree. The insured would be entitled to recover his actual loss that was within the limits of the multiple policies. While the statute does provide a minimum of $10,000 coverage under the uninsured motorists en-

dorsement, it does not limit an insured to recover only that amount when his loss for bodily injury exceeds that sum."

In Moore v. Hartford Fire Ins. Co. Group, 270 N.C. 532, 155 S.E.2d 128 (1967), it was said:

" * * * A compulsory motor vehicle insurance act is a remedial statute and will be liberally construed so that the beneficial purposes intended by its enactment by the General Assembly may be accomplished. * * *

* * * * * *

" * * * To hold that plaintiff under the facts stipulated is not entitled to recover anything under the policy issued by Hartford Accident and Indemnity Company because he received $3,333.33 from the policy issued by the Insurance Company of North America is to amend our statute, not construe it. * * *"

In Harleysville Mutual Casualty Co. v. Blumling, Penn., 429 Pa. 389, 241 A.2d 112 (1968), it was said:

" * * * The purpose of the uninsured motorist law is to provide protection to innocent victims of irresponsible drivers. The amount of the coverage to be afforded by the uninsured motorist feature of the policy is set by the statute, but nowhere, explicitly or implicitly, does the act place a limit on the total amount a victim may recover if he suffers a loss resulting from the negligence of an uninsured motorist.

* * * * * *

"Appellee has received its premium attributable to this coverage, which coverage the Act of Assembly requires it to furnish. We will not permit it to avoid its statutorily imposed liability by its unilateral insertion into the policy of a liability limiting clause repugnant to the statute."

Although the facts were different, two separate vehicles insured, we quote the following from Sturdy v. Allied Mutual Ins. Co., 203 Kan. 783, 457 P.2d 34:

"It must be borne in mind the purpose of uninsured motorist insurance is to provide compensation for personal injury to the innocent victim of the uninsured motorist. As to the named insured the coverage is a contract benefit for which he has paid. Here the damage to the insured has been determined and he now seeks indemnity for it. He is not seeking any windfall as a result of his injury but he is seeking full indemnity based on payment of two separate premiums. Applying traditional rules of construction we think he is entitled to that coverage. * * *"

In Safeco Insurance Company of America v. Robey, 399 F.2d 330 (8 Cir., 1968), the court said:

"We think the line of cases holding the 'excess-escape' clauses repugnant to the pro-rata clauses, or as violative of statutory requirements of minimum protection to be afforded under the uninsured motorist acts, represent a sounder view of the law. The contrary view is predicated on the salutary but inapplicable principle of avoiding overinsurance in property loss cases and on the questionable premise that uninsured motorist statutes fix maximum protection benefits rather than minimum. It appears to us that the 'excess-escape' clauses are repugnant to the pro-rata clauses under which the insurer is liable pro-rata up to the full extent of its coverage; the other insurance and 'excess-escape' clauses operate to diminish or wipe out entirely the minimum protection sought to be afforded under the uninsured motorist acts; and further the uninsured motorist acts are written to set minimum standards of protection and not maximum."

And in the most recent case we have seen (not cited in briefs), a federal court concluded in Simpson v. State Farm Mutual Automobile Insurance Co., 318 F.Supp. ·1152 (1970) where the Indiana Uninsured

Motorist statute was construed, that it would be unconscionable to permit insurers to collect a premium for a coverage which they are required by statute to provide, and then to avoid payment for a loss because of language of limitation devised by themselves.

The following excerpts are from "A Guide to Uninsured Motorist Coverage," by Professor Widiss, from which the Court of Civil Appeals quoted with approval:

"* * * It (the insurance policy) still includes terms which allow the insurer to reduce or eliminate liability whenever other insurance applies to the accident—even though the claimant may not have received payments, under such other insurance coverages, and regardless of whether the claimant has been fully indemnified. * * * Such provisions are justifiable where indemnification has been complete, but their propriety seems highly suspect when invoked by an insurance company to avoid liability when the claimant has not been fully compensated. * * *" (§ 8.1, p. 283)

"In the late 1950's and early 1960's, judicial determinations often, though not invariably, turned solely on a construction of the terms of the endorsement. More recently, as more and more states enacted uninsured motorist statutes and thus declared, even if only in very general terms, that public policy favored the indemnification of victims of negligent, financially irresponsible motorists, a readily perceptible new trend developed in several states in certain categories of cases: the courts began to invalidate provisions despite the fact that they were often quite unambiguous, and had been in the endorsement since its inception. In some instances, the very lack of specificity in the uninsured motorist statutes became the basis for court decisions; that is, judges concluded that since the statutes did not specifically authorize the limitations or exclusions included in the coverage terms by the com-

pany, the insurer ought not to be allowed to avoid liability for injuries falling within the general scope defined by the uninsured motorist statute. Whatever the rationale, judicial hostility toward various limitations and exclusions in the endorsement has been increasingly evident over the past several years." (§ 8.-6, pp. 288–289)

"It is true, as some insurers have argued, that if this approach to indemnification is adopted, an insured who is covered by more than one uninsured motorist endorsement will be better off than he would have been had he been injured by a negligent motorist carrying the minimum coverage specified by the financial responsibility laws. However, the conclusion which insurance companies draw from this—that they should be allowed to reduce their liability—does not necessarily follow. A premium has been paid for each of the endorsements and coverage has been issued. It seems both equitable and desirable to permit recovery under more than one endorsement until the claimant is fully indemnified. * * *" (§ 2.60, p. 112)

The key words in our statute are "coverage * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles."

Here, the original plaintiff and appellee Jones was legally determined to have been damaged to the extent of $25,000.00. He was legally entitled to recover $10,000.00 from the driver Miller, and it was paid to him. Had he elected to sue his own insurer first, Safeco, he would have been legally entitled to recover $10,000.00 from it. But because Miller's insurer had already paid Jones $10,000.00, Safeco seeks to avoid payment under its "Other Insurance" provision.

We think the decision of the Court of Civil Appeals has added a maximum to the statute, making it read, in effect, "legally

**614**

entitled to recover damages but in no event shall such damages exceed $10,000.00."

We think the majority view in this nation, as exemplified by the jurisdictions cited in (3) supra, is the better view, and we place Alabama in that group.

 We hold that our statute sets a minimum amount for recovery, but it does not place a limit on the total amount of recovery so long as that amount does not exceed the amount of actual loss; that where the loss exceeds the limits of one policy, the insured may proceed under other available policies; and that where the premiums have been paid for uninsured motorist coverage, we cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid.

This holding does not permit a recovery in excess of that amount to which the injured party was "legally entitled to recover" by virtue of the judgment against the uninsured motorist. By this latter statement, we do not consider that we are amending or adding to the statute. The statute limits recovery of damages to that amount to which the injured party is "legally entitled to recover" and that amount is legally settled prior to the claims under the statute and the policies.

The opinion of the Court of Civil Appeals and briefs of the insurer cite and rely on our recent case of State Farm Mutual Automobile Ins. Co. v. De La Cruz, 283 Ala. 167, 214 So.2d 909. That case is not apt authority, and we note that the author of that opinion, Kohn, J., carefully observed that our Uninsured Motorist statute "was not in effect at the time of the present accident. We, therefore, decline at this time to decide the effect of this statute on such insurance provision as it is not necessary for a disposition of this case."

The judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court with directions to affirm the judgment of the trial court.

Reversed and remanded with directions.

LAWSON, SIMPSON, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.