298 So.2d 260

**Antonio ALMEIDA**

v.

**STATE FARM MUTUAL INSURANCE COMPANY.**

**Civ. 326.**

Court of Civil Appeals of Alabama.

July 24, 1974.

176

Tipler, Fuller & Barnes, Andalusia, for appellant.

Powell & Sikes, Andalusia, for appellee.

WRIGHT, Presiding Judge.

Upon application for rehearing the Court withdraws its original opinion of June 19, 1974, and substitutes this opinion in lieu thereof.

This is an appeal from judgment on motion for summary judgment in favor of defendant.

Appellant Almeida filed suit against State Farm on the Uninsured Motorist provisions of his liability insurance policy on November 5, 1971. Almeida averred that he was injured in an accident with an uninsured motorist on November 16, 1968; that he recovered a judgment by default against the uninsured in the amount of $12,000 on May 20, 1971, and is therefore entitled to recover against defendant.

The record in the case also shows that another suit was filed by Almeida against Greater New York Mutual Insurance Company on the uninsured motorist provisions of a policy of insurance. The date of the accident alleged is the same as that alleged in the suit against State Farm. The suit against State Farm and that against Greater New York were filed on the same date.

There were two affidavits filed by defendant in support of motion for summary judgment. The first was by the resident claims superintendent of State Farm. It stated in substance that the policy of Almeida contained a provision requiring the sending of a copy of the suit filed by its insured against an uninsured motorist to State Farm; that no such copy had been sent nor was any notice of such suit given to State Farm, nor did it have knowledge of such suit prior to the entering of judgment against the uninsured. A copy of the policy was attached to the affidavit. It contained the following:

"12. *Notice of Legal Action.* If, before the company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative."

The second affidavit was made by the clerk of the Circuit Court of Covington County, Alabama. It stated in substance that the suit by Almeida against Greater New York had been prosecuted to judgment in the amount of $500 and said judgment had been marked "satisfied in full" on November 6, 1972.

The plaintiff Almeida did not file any affidavits, deposition or other matter in conflict with the affidavits of State Farm. Hearing was held on the motion for summary judgment. The motion was granted and judgment entered dismissing the cause.

The motion and affidavits present two defenses to plaintiff's complaint. First:

The provision in the policy requiring immediate forwarding of a copy of the summons and complaint in a suit by the insured against an uninsured motorist is a material condition precedent to right of recovery on the policy. Second:

The policy of State Farm contains an excess provision as to injury to insured while occupying an automobile not owned by the insured. Almeida was injured while in another automobile upon which Greater New York had primary coverage. As Almeida had recovered judgment only for $500 against Greater New York on a $10,000 coverage and such judgment had been paid, there was no excess for which State Farm could be liable.

As the facts upon which these defenses are based are not in dispute, we examine them in light of applicable law.

The appellate courts of this state have recently examined for the first time various provisions of policies and construed them in relation to our Uninsured Motorist Act [Title 36, § 74] [62A]. The standard

policy provision involved here has not been previously considered by our appellate courts. It is appellant's position that each of the defenses of State Farm presented here is void and contrary to the provisions of the Act.

We will examine the first—that failure to forward a copy of the summons and complaint in a suit by the insured against an uninsured motorist destroys the right of action against the insurer on the uninsured motorist coverage. Though this standard policy condition precedent has not been previously considered by our appellate courts, it was held valid in the case of Standifer v. Aetna Casualty and Surety Co., D.C., 319 F.Supp. 1385 [1970]. Judge Lynne in that case premised his ruling on the general law applicable to compliance with conditions precedent contained in an automobile liability policy. Conditions precedent to action on the policy requiring forwarding of suit papers and notice of an accident have been standard in policies of automobile liability from their inception. The courts of this state have continually held them enforceable and failure to reasonably comply therewith releases the company from obligation on the policy. American Fire and Casualty Co. v. Tankersley, 270 Ala. 126, 116 So.2d 579, and cases cited therein. It is pointed out in Standifer v. Aetna, supra, that the decision in American Fire & Casualty Co. v. Burchfield, 285 Ala. 358, 232 So.2d 606 [1970] is not contrary to but is consistent with the decision in *Tankersley*, supra.

We are unable to distinguish any difference in the application of the condition precedent requiring forwarding of suit papers or notice in the liability insurance provisions and in the uninsured motorist provisions of a policy.

Professor Widiss in his Guide to Uninsured Motorist Coverage, 1973 Supplement, Section 7.11 says, "Compliance with the notice requirement should be regarded as essential." He points out in Footnote 1, that failure to comply might not be fatal if

waiver could be established or lack of prejudice could be shown. He does not suggest how waiver or lack of prejudice could occur or be proved.

 It was held in Roberts v. Jersey Insurance Company of New York, Mo.App., 457 S.W.2d 244, and Greer v. Zurich Insurance Co., Mo., 441 S.W.2d 15, that conditions requiring immediate forwarding of suit papers in a suit by the insured against an uninsured motorist were valid and enforceable. This decision recognizes the right of the insurer to intervene in the suit to protect its interests. In the case of Phoenix Ins. Co. v. Stuart, 289 Ala. 657, 270 So.2d 792, the Supreme Court of Alabama held a judgment obtained by the insured against an uninsured motorist conclusive as against the insurer. In reaching its conclusion, the Court stated that the insurer should be bound by the judgment because it had consented to the suit. It went further to state that the insurer had no reason to complain of the judgment because in addition to consenting to the suit the record did not indicate that the insurer sought to intervene in or oppose the action for judgment against the uninsured motorist. Such statement indicates that the rights of intervention by the insurer in an action by its insured against an uninsured motorist would be recognized in this state. It appears that if a judgment by the insured against an uninsured motorist is to be conclusive or even admissible as evidence, as stated by Justice Bloodworth in Gulf American Fire & Casualty Co. v. Gowan, 283 Ala. 480, 218 So.2d 688, against the insurer, procedural due process requires the right to intervene by the insurer.

 It was stated in Heisner v. Jones, 184 Neb. 602, 169 N.W.2d 606 as follows:

"The carrier would not be bound unless given full notice and adequate opportunity to intervene and defend when the insured litigates the issues of liability and damages with the uninsured motorist tort-feasor."

It was also stated in Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N.W.2d 133, that it is a proper interpretation of the uninsured motorist statutes to say that the uninsured motorist clause is a *substitute liability policy*.

We can conceive of no means of satisfying the requirements of due process if a judgment by the insured against an uninsured motorist is held conclusive or admissible as evidence of the issues of legal liability and damages in an action against the insurer unless notice of such suit and an opportunity to investigate and intervene is given the insurer. Certainly, it cannot be said that the mere requiring of forwarding a copy of the summons and complaint if suit is brought against an uninsured to one's insurer is in any way contrary either to the letter or spirit of our Uninsured Motorist Act.

Appellant's argument that such a condition precedent would require all plaintiffs injured in automobile accidents to send copies of their suit papers to their own companies and that such would be a burdensome, expensive and nearly impossible task is not acceptable. Neither is his argument that such a requirement engrafts something onto the uninsured motorist statute. Such condition precedent requires little trouble or expense and it is certainly reasonable and just if the insurer is going to be bound or materially affected by the resulting judgment.

It appears that the insurer is as materially affected by the result of an action by its insured against an uninsured motorist as it is by action against its insured to establish liability. In either case, the purpose of the action is to determine ultimate liability of the insurer and the amount for which the tort-feasor is legally liable.

Appellant in brief presents arguments relative to the consent to sue condition in the policy and states that such condition has been held void in Alabama. Consent to sue is not involved in the issues in this case, and we know of no case in this state which has held such clause void. Though its value as precedent in part is in limbo (See Phoenix Ins. Co. v. Stuart, supra) it was stated in Gulf American Fire & Cas. Co. v. Gowan, supra, that the consent to sue provision is valid and binding between insured and insurer, though consent may not be withheld arbitrarily.

Reiteration of that holding was made in Sheehan v. Liberty Mutual Fire Ins. Co., 288 Ala. 137, 258 So.2d 719. The question of whether the special concurrence of Justice Coleman affected the decision in *Gowan* on the validity of the consent to sue clause is apparently settled by *Sheehan* as Justice Coleman fully concurred in that decision.

We conclude that the requirement of forwarding of a copy of the summons and complaint filed by the insured in a suit against an uninsured motorist is a valid condition precedent to enforcement of the uninsured motorist clause of the policy. We find that summary judgment in favor of defendant was properly entered.

The second defense that State Farm was liable under its policy only secondarily after the liability of Greater New York had been expended is now considered.

There is involved in the affidavits for summary judgment an unusual situation. That is—plaintiff sued the uninsured motorist and obtained a default judgment fixing his damages at $12,000. Plaintiff sued two insurance companies providing uninsured motorist coverage to him. He proceeded to trial by jury against Greater New York and obtained a verdict and judgment fixing his damages at $500. He did not appeal that judgment but rather accepted payment and satisfied the record.

It is not known from the record whether the judgment against the uninsured was presented in evidence in the trial against Greater New York. If it was presented as permitted by the opinion in the case of Gulf American Fire & Casualty Co. v. Gowan, supra, the jury did not allow it much

weight and returned a verdict for $11,500 less. Whether it was or was not admitted in evidence, the verdict rendered in the contested trial between plaintiff and Greater New York is an example of the difference in results which may occur in a contested case and one obtained by default. Such possible difference emphasizes the necessity of presenting notice and opportunity to defend to the insurer.

■ Appellant insists that the result of the contested action with Greater New York has no bearing on the amount that he is legally entitled to recover from the uninsured. That it is the first judgment for $12,000 which determined that issue. We cannot agree. We do not consider State Farm to be affected in any degree by a judgment arising from a suit of which it had no notice nor opportunity to defend.

The question then arises as to what effect the judgment for $500 against Greater New York has upon State Farm under the conditions and obligations of its policy.

State Farm contends that under its policy it has a secondary obligation to the plaintiff and only if the primary obligation of Greater New York to satisfy the damages suffered by plaintiff is first fully expended. The policy of State Farm contains policy Condition 14 which in part is as follows:

"With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any similar insurance available to such occupant, . . ."

The remaining unquoted portion of Condition 14 contains what has been termed an "excess-escape clause." Such provisions of escape from liability or limitation thereof because of other insurance has been held void by the Supreme Court of Alabama in the recent cases of Safeco Insurance Co. v. Jones, 286 Ala. 606, 243 So.2d 736; State Farm Mutual Automobile Ins. Co. v. Ca-

hoon, 287 Ala. 462, 252 So.2d 619, and Hogan v. Allstate Ins. Co., 287 Ala. 696, 255 So.2d 35. The principle declared in *Safeco,* supra, was stated as follows:

" . . . Where the premiums have been paid for uninsured motorist coverage, we cannot permit an insurer to avoid its statutory imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid."

■ State Farm in this case does not contend that it has the right to escape liability. It does contend that it does not become liable until the coverage of Greater New York has been exhausted. Such provision does not limit liability of State Farm, if, as in *Safeco,* the damages of the plaintiff is found to exceed the coverage of the first or primary coverage, nor does it prevent "stacking."

The principle of primary and secondary liability has long been included in automobile liability and is recognized by the courts of this state. Continental National American Group v. Burleson, 283 Ala. 671, 220 So.2d 611. Such provisions are matters reasonably affecting premiums charged and some protection against double recovery of damages.

At first reading, language in *Safeco,* supra, appears to indicate that provisions as to primary and secondary relationship between uninsured motorist insurers is not permissible. (*Safeco,* supra, 286 Ala., page 613, 243 So.2d 736.) However, consideration of the issue before the court and the facts thereof does not require such conclusion.

The decision of the Florida Supreme Court in the case of Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (1966) has much merit. In that case, the "other insurance" "excess" and "pro rata" clauses were held void in uninsured motorist coverage, and the claimant was permitted to proceed against any one or

more of multiple insurers. However, this decision appears to place the claimant and the multiple insurers into positions of confusion. It indicates that proration remains available as between the various insurers but not upon suit by the claimant. It appears to impose a situation making possibility of settlement difficult and to promote delay through declaratory judgment actions between the insurers to determine ratio of contribution.

■ It seems the better course to implement the provision that the insurer of the non-owned automobile in which the claimant is injured is the primary insurer, and other insurers are secondary and excess carriers up to the amount of damages suffered or policy limits, whichever is greater. With such provision the insured knows which insurer is first liable. If his damages do not exceed policy limits he need not be concerned with other insurers. Settlement possibility is promoted. Declaratory action to determine liability between the insurers is unnecessary. If the primary insurer does not have sufficient coverage, insured knows which next to proceed against. In some instances it may be possible to proceed against all insurers in one action. In the event the insured wishes to proceed first against an insurer rather than the uninsured motorist, he knows which insurer is first liable. Such procedure appears permissible under authority of State Farm Fire & Casualty Co. v. Lambert, 291 Ala. 645, 285 So.2d 917. This procedure will prevent the insured from becoming ensnarled in contests between multiple insurers as to primary liability and proration of damages. The "similar" or "other insurance" provisions of the various policies may be available as between the insurers, but not involve the right of the insured to compensation for damages suffered.

We therefore conclude that the insured is bound by the provision in his policy which provides that if the insured is injured by an uninsured motorist while in an automobile other than the owned automobile and such automobile has uninsured motorist insurance available to insured, such coverage shall be primary and coverage provided to the named insured shall be secondary and only as excess over the first. Thus the insured's first right of recovery is against the insurer of the non-owned automobile.

■■ Appellant-plaintiff sought recovery from Greater New York, the insurer of the non-owned automobile in which he was riding when injured and by contested trial of his claim of damages it was determined that his damages were $500. Such damages were paid by Greater New York. Plaintiff accepted payment. The amount of coverage of Greater New York was not exhausted. Under such circumstances an action against State Farm should be prohibited, not only because of the excess provisions of its policy but because a recovery in such action would be above that of the actual loss. *Safeco,* supra, established that only the amount of actual loss may be recovered.

The summary judgment was properly granted.

Affirmed.

BRADLEY and HOLMES, JJ., concur.