State Farm Mutual Automobile Insurance Company (State Farm) appeals from declaratory judgment holding its policy issued to one James Folkes afforded him coverage against damages that might be awarded in an action arising from an automobile accident. The same judgment declared that no coverage was afforded him under a policy issued to Geneva County Motor Company by Auto-Owners Insurance Company (Auto-Owners).
 The Case
David Murphy filed an action for damages against Folkes and Geneva County *Page 639 
Motor Company because of injuries suffered from the alleged negligence of Folkes in the operation of an automobile (owned by Motor Company). Folkes was insured by State Farm and the Motor Company by Auto-Owners.
State Farm then filed suit seeking a declaratory judgment that its policy issued to Folkes only provided excess coverage and that provided by Auto-Owners was primary. State Farm prayed for and was granted an injunction against prosecution of Murphy's litigation until after a hearing of the suit for declaratory judgment. After such hearing the trial court made, in addition to others, the following findings of fact and conclusions of law:
 "* * * (1) that Folkes was a garage customer as defined in the Auto-Owners policy and (2) that the policy provisions hereinabove set forth are valid and binding provisions of the respective policies and such provisions are not contradictory to public policy as expressed in the financial responsibility laws of the State of Alabama.
 "Upon consideration of the above admissions, stipulations, findings of fact, arguments of counsel, evidence introduced by the parties, and the pleadings, this Court is of the opinion that the policy of insurance issued by Defendant, Auto-Owners Insurance Company does not afford coverage to James Roger Folkes. The Court finds that the provisions of the policy of insurance issued to Geneva County Motor Company by Defendant, Auto-Owners Insurance Company expressly provided that no coverage was afforded to a person operating a vehicle owned by Geneva County Motor Company where there existed other valid and collectible insurance, even though such insurance be excess insurance. The Court finds that the policy of insurance issued by Plaintiff, State Farm Mutual Automobile Insurance Company, provided at least excess coverage to Folkes. Therefore, there is no coverage afforded to Folkes under the Auto-Owners Insurance Company policy. * * *"
Judgment was entered accordingly. We affirm.
 Facts
Folkes delivered his automobile to Geneva County Motor Company for repairs and the Motor Company lent him an auto for use until completion of those repairs. While driving the borrowed auto he collided with an auto operated by one Murphy. Murphy was injured and the action against Folkes for damages ensued.
State Farm's action for declaratory judgment sought to determine whether the coverage of the driver or of the owner was primary. The case was submitted on the policies of State Farm and Auto-Owners together with admissions and stipulations of fact.
The policy of State Farm issued to Folkes contained the following provision:
 "All of the foregoing provisions and all coverages are subject to the following:
 "(a) The insurance with respect to a newly acquired automobile SHALL NOT APPLY TO ANY LIABILITY OR LOSS AGAINST WHICH THE INSURED HAS OTHER COLLECTIBLE INSURANCE APPLICABLE THERETO IN WHOLE OR IN PART.
"(b) The insurance with respect to
(i) a temporary substitute automobile,
(ii) a trailer, or
(iii) a non-owned automobile,
 owned by any person or organization, engaged in the automobile business, SHALL NOT APPLY TO ANY LIABILITY OR LOSS AGAINST WHICH THE INSURED OR THE OWNER *Page 640 
OF SUCH VEHICLE HAS OTHER COLLECTIBLE INSURANCE APPLICABLE THERTO, IN WHOLE OR IN PART.
 "(c) Subject to the foregoing paragraph (b), the insurance with respect to any other temporary substitute automobile, trailer or non-owned automobile shall be excess over other collectible insurance."
The policy issued to Geneva County Motor Company by Auto-Owners contained the following:
 "Garage customers are not insureds with respect to the use of automobiles covered by this policy except in accordance with the following additional provisions:
 "(1) If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the applicable limit of the financial responsibility law of the state where the automobile is principally garaged, no damages are collectible under the policy.
 "(2) If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are insufficient to pay damages up to the applicable limit of the aforesaid financial responsibility law, then this insurance shall apply to the excess of damages up to such limit.
 "(3) If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply but the amount of damages payable under this policy shall not exceed the applicable limit of the aforesaid financial responsibility law."
 Issues Presented for Review
(1) Did the policy of insurance issued by State Farm to Folkes afford him such coverage that the policy issued by Auto-Owners to Geneva County Motor Company afforded him none?
(2) Is the exclusionary provision in the Auto-Owners policy contra to the public policy of Alabama?
 Decision and Opinion
The first issue can otherwise be stated, as it was in brief by Auto-Owners: which coverage is contingent or excess and which coverage is primary?
Various types of "other insurance" clauses were analyzed and discussed at length, most recently in State Farm MutualAutomobile Insurance Co. v. Auto-Owners Insurance Co., 287 Ala. 477, 252 So.2d 631 (1971) and Continental National AmericanGroup v. Burleson, 283 Ala. 671, 220 So.2d 611 (1969). By reference to those decisions we may characterize the "other insurance" clause set out in this opinion, found in the State Farm policy, as an automobile-business-owned temporary substitute automobile "escape clause." That clause from the Auto-Owners policy which is set out herein could be described as one "exclusionary" of otherwise insured garage customers.
It is the specific composition of the "exclusionary" clause of the Auto-Owners policy, under the operative facts of this case, which takes this case from without the general rule that primary coverage follows ownership of the auto. That rule underlies the reasoning in State Farm, supra, and Burleson, supra. No coverage is afforded garage customers if there is available other collectible insurance, whether primary, excess,or contingent. The distinguishing factor is the specificity of the "exclusion."
Where the exclusionary clause is specific by its terms to include primary or excess insurance, excess insurance constitutes "other collectible insurance", and permits operation of the exclusion. United States Fidelity and GuarantyCo. v. Dixie *Page 641 Auto Insurance Co., 292 F. Supp. 554 (Ala.) (1968). The general rule that primary coverage follows ownership is not controlling where there is a specific exclusionary clause rather than a "simple" escape clause contained in the owner's policy.Continental Casualty Company v. Weekes, 74 So.2d 367 (Fla.) (1954).
Auto-Owners' policy intended to extend coverage to additional insureds only when they have no other coverage available to them. Excess coverage as provided by State Farm, constitutes "other insurance" as contemplated in the exclusion found in Auto-Owners' policy. Therefore, State Farm's coverage is primary. Clearly, Auto-Owners has the right to determine the class of persons it wishes to insure as long as the policy provides the coverage required by law. Auto-Owners' policy is not violative of the public policy of this State expressed in the Motor Vehicle-Safety Responsibility Act. Code of Ala., Tit. 36, § 74 (42), et seq.
By sustaining the operative effect of the Auto-Owners exclusionary clause Folkes is not deprived of the amount of liability insurance which the law requires he be afforded. Were it not provided by the State Farm policy — other available insurance — the Auto-Owners' policy would provide it to the full extent required by law. The law is only concerned that required coverage is provided, not by what or which carrier. The requirements of coverage may be fulfilled by policies of one or more carriers which together meet the requirements. Code of Ala., Tit. 36, § 74 (62)(j).
Lest it be thought this opinion is overly simplistic I will quote my brother, Bloodworth, quoting the Supreme Court of Arizona in Burleson, supra:
 "`* * * In light of the host of words which have been written on the subject, we express doubt as to whether anything further could be added which would substantially enlighten the bench or bar. * * *'"
The findings and judgment of the trial court are without error.
Affirmed.
BLOODWORTH, MADDOX, FAULKNER and ALMON, JJ., concur.