This appeal is from a summary judgment in favor of Allstate Insurance Company denying recovery under the uninsured motorist provision of a policy of insurance issued to Lawson Gaught. The trial court ruled that Allstate was not liable because the appellants settled their claims with the "primary" insurer, St. Paul Insurance Company without exhausting the coverage of the St. Paul policy.
On June 8, 1974, the minor daughters of Lawson Gaught, Kathy Lynn and Brenda Gaught, were riding as passengers in an automobile driven by Clayton O. Fowlkes and owned by Oran R. Fowlkes, Jr. The Fowlkes automobile collided at an intersection with an automobile driven by Robert Evans and owned by Jerry R. Hooper, both uninsured motorists. After colliding with the Evans/Hooper vehicle, the Fowlkes vehicle collided a second time with a vehicle *Page 1028 
driven by Mrs. Arlie O. Jennings and owned by T.Z. Jennings.
The Fowlkes vehicle was covered by a policy of liability insurance containing uninsured motorist coverage issued by St. Paul. The limits were $10,000 per person and $20,000 per accident. Lawson Gaught owned an automobile liability policy containing uninsured motorist coverage issued by Allstate. It is conceded that the Gaught girls were covered under the terms of each policy. Allstate's coverage is under policy provisions supplying coverage while riding in a "non-owned" automobile.
Lawson Gaught, as next friend, filed suit against St. Paul, the Fowlkes, the Jennings, Evans, and Hooper. On April 1, 1975, by way of pro tanto release, Gaught settled the claim against St. Paul and its insureds, the Fowlkes, for $5,500.00. The release recites that it is for medical, liability, and uninsured motorist coverage. The claim against St. Paul and the Fowlkes was dismissed with approval of the trial court with leave to proceed against any other defendants. The motion to dismiss recites that the settlement was not intended to be the actual damages sustained by the plaintiffs.
In March, 1976, after oral testimony, the Gaughts obtained default judgments against Robert Evans and Jerry Hooper, the uninsured motorists, totaling $25,500.00. Based on these judgments, Gaught instituted the present action against Allstate to recover under the uninsured motorist coverage up to the limits of the policy.
Allstate denied liability based on policy limitations. Allstate contends that its uninsured motorist coverage provided only "excess" coverage for the plaintiffs when injured while occupying a non-owned automobile which is involved in an accident in which an uninsured motorist is at fault; i.e., St. Paul is the "primary" insurer and Allstate is not liable on its policy until St. Paul's coverage is exhausted.
The position taken by Allstate is fully supported by decisions of the Court of Civil Appeals in Barnwell v. AllstateInsurance Co., 55 Ala. App. 447, 316 So.2d 696 (1975), andAlmeida v. State Farm Mutual Insurance Co., 53 Ala. App. 175,298 So.2d 260 (1974). In upholding the policy limitations, the Court of Civil Appeals relied on the decision of this court inContinental National American Group v. Burleson, 283 Ala. 671,220 So.2d 611 (1969), distinguishing the principles announced in Safeco Insurance Co. of America v. Jones, 286 Ala. 606,243 So.2d 736 (1970).
The issue is whether the concept of "primary" and "secondary" coverage in the uninsured motorist context violates Safeco and the requirements of the Alabama Uninsured Motorist Statute. Tit. 36, § 74 (62a), Code of Alabama 1940, Recompiled. 1958 (Sec. 32-7-23, Code 1975).
The provision in dispute is known as an "other insurance" clause which is commonly found in automobile liability and uninsured motorist provisions. This clause attempts to limit the insurance companies' liability when a person is insured under two or more policies covering the same risks. The facts of this case demonstrate the effect of such a clause.
Ordinarily, under "other insurance" provisions, there are combinations of clauses commonly referred to as "excess clauses," "excess-escape clauses" and "pro-rata clauses." We are not here dealing with a pro-rata clause, but some of the cases cited involve this type clause and reference will be made to them infra . . .
The "excess-escape clause" provides that the insurance shall apply "`only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.'" Widiss, Uninsured Motorist Coverage, § 2.59, p. 106 (1969). The effect of this clause allows insurance companies to escape all liability in cases where the insured comes under the coverage of another policy unless its maximum coverage limit exceeds the other insurance. This court declared such clauses unenforceable as violative of the Uninsured Motorist Statute in Safeco Insurance Co. of America v. Jones,supra, and has been followed in later decisions. EmployersLiability Assur. Corp., Ltd. v. Jackson, 289 Ala. 673, *Page 1029 270 So.2d 806 (1972); State Farm Mutual Automobile Ins.Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619 (1971). Allstate does not challenge the validity of these decisions.
The "excess clause" provides that the claimant's own policy applies "`only in excess insurance over any other similar insurance available to such an insured [claimant] and applicable to such vehicle as primary insurance' — that is, the uninsured motorist insurance which applies to the vehicle he is occupying is viewed as primary insurance. . . ." Widiss,supra. The enforceability of the "excess clause" is the issue at hand.
In Almeida v. State Farm Mutual Ins. Company, supra, the Court of Civil Appeals addressed this issue and stated the following:
 "The principle of primary and secondary liability has long been included in automobile liability and is recognized by the courts of this state. Continental National American Group v. Burleson, 283 Ala. 671, 220 So.2d 611. Such provisions are matters reasonably affecting premiums charged and some protection against double recovery of damages.
 "At first reading, language in Safeco, supra, appears to indicate that provisions as to primary and secondary relationship between uninsured motorist insurers is not permissible. (Safeco, supra, 286 Ala., page 613, 243 So.2d 736.) However, consideration of the issue before the court and the facts thereof does not require such conclusion."
. . . . .
 "We therefore conclude that the insured is bound by the provision in his policy which provides that if the insured is injured by an uninsured motorist while in an automobile other than the owned automobile and such automobile has uninsured motorist insurance available to insured, such coverage shall be primary and coverage provided to the named insured shall be secondary and only as excess over the first. Thus the insured's first right of recovery is against the insurer of the non-owned automobile."
Later, in Barnwell v. Allstate Insurance Company, supra, the Court of Civil Appeals reaffirmed its decision in Almeida, stating:
 "As we said in Almeida, we do not consider that application of primary and secondary coverage on the basis of an excess insurance clause violates the principles of Safeco Insurance Co. v. Jones, 286 Ala. 606, 243 So.2d 736, and succeeding cases. Such application to uninsured motorist policies does not limit liability of any insurer nor prevent the insured from receiving full benefit of his policy in payment of his full damages. It merely requires that he have a beginning point for determining liability, damages and receiving payment."
The rule in this jurisdiction (regarding primary and secondary coverage) was clearly set forth by Justice Bloodworth writing for the Court in Continental National American Group v.Burleson, 283 Ala. 671, 220 So.2d 611 (1969).
 "We are clear to the conclusion that the majority rule is that where an automobile owner has a policy with an omnibus clause, and an additional insured has a non-ownership policy providing that is [sic] shall only constitute excess insurance over and above any other valid, collectible insurance, the owner's insurer has the primary liability and the excess insurer secondary liability after the primary insurance is exhausted. By virtue of this rule, no consideration is given to the `other insurance' clause in the primary policy, providing that if the additional insured has other valid and collectible insurance, the insurer is not liable except on a pro-rata basis because the insurance under the excess policy is not regarded as other collectible insurance, it not being available to the insured until the primary policy is exhausted. 8 Appleman, Insurance Law and Practice, supra; 16 Couch on Insurance 2d, supra; 76 A.L.R.2d supra; United States Fidelity Guaranty Co. v. Slifkin (N.D.Ala.), 200 F. Supp. 563."
Appellants argue that the primary and secondary coverage cases decided by this *Page 1030 
court are not controlling in the uninsured motorist context. They rely on the Uninsured Motorist Statute and the decision ofSafeco and Hogan v. Allstate Insurance Company, 287 Ala. 696,255 So.2d 35 (1971).
Both the Safeco[1] and Hogan cases dealt with "excess escape" clauses whereas this case deals only with an "excess" clause. To give literal effect to the escape clauses in those cases would have resulted in absolutely no coverage whatsoever to the claimant under the secondary policies. We agree that the Uninsured Motorist Statute does not permit this result for the reasons stated in Safeco as follows:
 "We hold that our statute sets a minimum amount for recovery, but it does not place a limit on the total amount of recovery so long as that amount does not exceed the amount of the actual loss; that where the loss exceeds the limits of one policy, the insured may proceed under other available policies; and that where the premiums have been paid for uninsured motorist coverage, we cannot permit an insurer to avoid its statutorily imposed liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid."
Here we have a different situation.
Secondary coverage may be reached after the exhaustion of primary coverage if the damages exceed the policy limits of the primary coverage. This construction gives effect to the contract provision, the primary-secondary coverage doctrine and does no violence to the Uninsured Motorist Statute.
The trial court is correct and the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.
[1] Safeco also involved a "pro rata" clause which is not here pertinent. But in that connection see State Farm MutualAutomobile Insurance Co. v. Auto Owners Insurance Co., 287 Ala. 477, 252 So.2d 631 (1971).