This is a declaratory judgment action to determine which of two insurance companies is the primary insurer.
Bell was involved in an automobile accident while driving a truck owned by his employer, Flourescent Maintenance Co., within the scope of his employer's permission. McFarland and Scott brought suit against Bell for personal injuries resulting from the accident. Bell is an insured under the omnibus clause of an automobile liability policy issued to his employer by the Home Insurance Company. Bell is also an insured under the non-owned automobile provision in a liability policy issued by Protective National Insurance Company of Omaha to him on his personal automobile.
The circuit court ruled that Protective is the primary insurer. We reverse.
Specifically, the issue is whether the "excess insurance" provided for in the Protective policy is valid and collectible insurance within the meaning of the "other insurance" provision of the Home policy.
Protective's policy "other insurance" clause reads:
 "Other Insurance. If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance." (Emphasis supplied.)
In the Home policy, the "other insurance" clause reads:
 "Other Insurance. This insurance shall not apply to the extent that any valid and collectible insurance, whether on a primary, excess or contingent basis is available to the Insured under any other insurance policy."
The Home's "other insurance" clause is properly referred to as an "escape" clause. The applicable portion of Protective's "other insurance" clause is an "excess" clause. Speaking to the effect of such clauses as they pertain to the same coverage, the court in State Farm Mutual Automobile Insurance Co. v.Auto-Owners Insurance Co., 287 Ala. 477, 486, 252 So.2d 631,640 (1971), stated that the vast majority of the courts have held:
 ". . . that where one policy contains an `escape clause,' and the other contains an `excess clause,' the primary insurer is *Page 1060 
the company issuing the policy with the escape clause because excess insurance simply is not other valid and collectible insurance. This is in accord with the same reasoning which has already been approved by this court in Burleson . . ."
The Home policy affords primary coverage. The coverage provided by Protective's "excess" clause does not constitute "valid and collectible insurance" within the meaning of that term in the Home policy. Protective's liability is secondary.See, Continental National American Group v. Burleson, 283 Ala. 671, 220 So.2d 611 (1969); Gaught v. Evans, SC 2826, SC 2827, SC 2828 [MS] (1978), Ala.Sup., 361 So.2d 1027.
Home argues that the trial court erred in holding that Bell operated the truck within the scope of his employer's permission. Home failed to cross-appeal, thus the issue is not presented for review.
The judgment of the circuit court is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.