316 So.2d 696

**Lula Pearl BARNWELL**

v.

**ALLSTATE INSURANCE COMPANY.**

**Civ. 529.**

Court of Civil Appeals of Alabama.

July 16, 1975.

Rehearing Denied Aug. 6, 1975.

**448**

Henry E. Simpson, and John B. Gamble, Jr., Birmingham, for appellee.

R. B. Jones, Birmingham, for appellant.

WRIGHT, Presiding Judge.

Plaintiff appeals from judgment granting a plea in abatement and dismissing the suit.

Plaintiff brought suit upon the uninsured motorist provisions of a policy of automobile insurance. The suit alleged that plain-

tiff was injured by the negligence of an uninsured motorist while she was a passenger in another automobile. Defendant filed a plea which averred that the suit should be abated because its policy contained an "Other Insurance" clause which provided if plaintiff was injured while a passenger in a non-owned automobile the insurance applied only as excess coverage over other similar insurance available to plaintiff. The plea averred that Fidelity and Casualty Company of New York was the insurer of the automobile in which plaintiff was riding when injured and thus was the primary insurer. It was further averred that plaintiff had settled her claim with the primary insurer for $4,500.00, a sum less than the amount of coverage available from the primary insurer. The coverage available from the primary insurer not having been exhausted, no right of action existed against defendant.

The plea was submitted to the court with stipulation of fact and a copy of a release of Fidelity and Casualty by plaintiff for $4,500.00. It was stipulated that Fidelity had uninsured motorist coverage of the non-owned automobile in which plaintiff was riding; that suit had been brought by plaintiff against Fidelity and that the suit had been settled and dismissed by the payment of $4,500.00 and costs of court; that such suit was settled while the present action was pending; that no suit had been filed against the uninsured motorist.

Plaintiff appeals from the sustaining of the plea in abatement. We affirm.

We find the issue presented by this appeal to have previously been settled by our case of *Almeida v. State Farm Mutual Insurance Co.*, 53 Ala.App. 175, 298 So.2d 260. Plaintiff's counsel stated in oral argument that he was not aware of our decision in that case but contended it was distinguishable on the facts.

In *Almeida* we recognized the general principle of primary and secondary coverage in uninsured motorist policies. We said as follows:

"We therefore conclude that the insured is bound by the provision in his policy which provides that if the insured is injured by an uninsured motorist while in an automobile other than the owned automobile and such automobile has uninsured motorist insurance available to insured, such coverage shall be primary and coverage provided·to the named insured shall be secondary and only as excess over the first. Thus the insured's first right of recovery is against the insurer of the non-owned automobile."

The principle of primary and secondary coverage, recognized in automobile liability policies, was stated in *Continental National American Group v. Burleson*, 283 Ala. 671, 220 So.2d 611 as follows:

"We are clear to the conclusion that the majority rule is that where an automobile owner has a policy with an omnibus clause, and an additional insured has a non-ownership policy providing that [it] shall only constitute excess insurance over and above any other, valid, collectible insurance, the owner's insurer has the primary liability and the excess insurer secondary liability after the primary insurance is exhausted. By virtue of this rule, no consideration is given to the "other insurance" clause in the primary policy, providing that if the additional insured has other valid and collectible insurance, the insurer is not liable except on a pro-rata basis because the insurance under the excess policy is not regarded as other collectible insurance, it not being available to the insured until the primary policy is exhausted. 8 Appleman, *Insurance Law and Practice, supra*; 16 *Couch on Insurance 2d, supra*; 76 A.L.R.2d *supra*; *United States Fidelity & Guaranty Co. v. Slifkin*, (N.D.Ala.), 200 F.Supp. 563.

When the above-quoted principle is applied to the facts stipulated in this case,

it is evident that Fidelity and Casualty had the primary liability to plaintiff of payment for her injury. The excess coverage of defendant was not available to plaintiff until the coverage of the primary policy was exhausted. Plaintiff, after suit against Fidelity, chose to settle with and release from further liability the primary insurer. Such settlement was for less than the limits of coverage available. The policy was not exhausted. Benefits of defendant's policy were thus not available to plaintiff.

In the case of *General Insurance Co. v. Western Fire & Casualty Co.,* (5th Cir.) 241 F.2d 289, the court speaking to the issue of primary and secondary liability applied to excess coverage said:

> "It is only when Western's policy has been exhausted that General becomes liable for the excess, and until that point is reached, Mrs. Cutshall, as named or additional assured, has no claim which she can assert."

As we said in *Almeida,* we do not consider that application of primary and secondary coverage on the basis of an excess insurance clause violates the principles of *Safeco Insurance Co. v. Jones,* 286 Ala. 606, 243 So.2d 736, and succeeding cases. Such application to uninsured motorist policies does not limit liability of any insurer nor prevent the insured from receiving full benefit of his policy in payment of his full damages. It merely requires that he have a beginning point for determining liability, damages and receiving payment.

Plaintiff submits that application of this rule prevents her from opportunity of determining the amount of her damages. If her damages are more than she accepted from the primary insurer, she is responsible for her own inability to proceed further. Plaintiff had opportunity to have her damages judicially determined by action against either the uninsured motorist or Fidelity. As an excess carrier, defendant would not be liable in any case unless

plaintiff's damages were determined to be over $10,000.00. We conceive of no reason why defendant should be required to defend an action to establish damages, payment for which it might not be responsible. It is not unusual in uninsured motorist cases for there to be multiple policies in force, particularly where the injured is a passenger in a non-owned automobile. Under decisions of the Supreme Court of Alabama and of this court no policy provision is permitted to prevent recovery of the full damages legally determined to be due subject only to policy limits. Every policy for which premiums have been paid and by which coverage is provided is available to pay the insured's damages. *Safeco v. Jones, Supra; Employer's Liability Assur. Corp. Ltd. v. Jackson,* 289 Ala. 673, 270 So.2d 806. This holding is only that "other insurance clauses" in a policy may, under the facts of this case, restrict the route to full recovery. Such holding does not limit liability. *Almeida v. State Farm Mutual Ins. Co., Supra.*

Affirmed.

BRADLEY and HOLMES, JJ., concur.