ON APPLICATION FOR REHEARING
In its brief in support of its application for rehearing, Federated argues that in its original opinion this Court has changed the law set forth in Gaught v. Evans, 361 So.2d 1027
(Ala. 1978), and Barnwell v. Allstate Ins. Co., 55 Ala. App. 447, 316 So.2d 696 (1975), by holding that if the plaintiff's total damages exceed the primary coverage available, the secondary insurer is liable for these excess damages. Federated is mistaken in arguing that we have changed the law.
Federated argues that it is not liable to Isler for any damages because Isler, by settling for $35,000, did not "exhaust" the limits of the primary insurer, which were $60,000. In support of this contention, Federated quotes fromBarnwell, the following:
 "The excess coverage of defendant was not available to plaintiff until the coverage of the primary policy was exhausted. Plaintiff, after suit against Fidelity [the primary insurer], chose to settle with and release from further liability the primary insurer. Such settlement was for less than the limits of coverage available. The policy was not exhausted. Benefits of defendant's policy were thus not available to plaintiff."
Barnwell, 55 Ala. App. at 450, 316 So.2d at 697-98. However, Federated fails to quote further from Barnwell where the opinion states: "As an excess carrier, defendant [the secondary insurer] would not be liable in any case unless plaintiff'sdamages were determined to be over $10,000.00 [the primary carrier's policy limit]." Id. (Emphasis added). The holding in this case is, therefore, consistent with the holding inBarnwell.
In this case, we held that Federated was not liable unless Isler's damages exceeded the policy limits of the other insurance. Isler had $20,000 available to him from the tort-feasor's insurer and $60,000 available to him from the primary insurer. This Court held that Federated is only liable to Isler for any amount of damages, within its policy limits, in excess of $80,000. This is the amount that Federated contracted to pay Isler. Federated's argument on its application for rehearing is the same argument brought to this Court's attention in its original brief; therefore, Federated has not introduced any new or meritorious material for this court to review.
OPINION EXTENDED; APPLICATION FOR REHEARING DENIED.
HORNSBY, C.J., and SHORES, KENNEDY and INGRAM, JJ., concur.
STEAGALL, J., dissents.