This is a homeowners insurance case.
Mr. Wallace, as the named insured, sued Auto-Owners Insurance Company (the Company) under a then current policy which contained the following:
"COVERAGE D — ADDITIONAL LIVING EXPENSE
 If a property loss covered under this policy renders the premises untenantable, this policy covers the necessary increase in living expense incurred by the Named Insured to continue as nearly as practicable the normal standard of living of the Named Insured's household for not exceeding the period of time required:
 1. to repair or replace such damaged or destroyed property as soon as possible; or
 2. for the Named Insured's household to become settled in permanent quarters; whichever is less."
A judgment was rendered by the circuit court in favor of the Company at the conclusion of a non-jury trial before that court. An appeal was duly taken by Mr. Wallace. We affirm.
Before both the trial court and this court, the Company has restricted its primary argument to a contention that recovery cannot be had because of the quoted policy provision numbered 2. It stated that the payment of additional living expenses was limited to that period of time required for Mr. Wallace to become settled in permanent quarters. Accordingly, we shall confine our factual summary to pertinent evidence concerning that matter, and, in that regard, the following is revealed after viewing the record with the attendant presumption accorded to the trial court's action: On September 12, 1979, Mr. Wallace's home on Dauphin Island was totally destroyed by a hurricane. It was insured by the homeowner's policy. All payments due under the insurance contract for all damages occasioned by the hurricane to Mr. Wallace's home and contents were made to him except for those presently in controversy under Coverage D.
On September 13 and December 4, 1979, the Company paid to the insured a total of $3,150 for additional living expenses, but it subsequently refused to make further payments therefor to him.
Before the hurricane he shared an apartment on Catherine Street in Mobile, which he utilized approximately three times a month when he came to Mobile. After September 12, he moved into a different apartment on Catherine Street where he lived for the following eighteen months. At three points in his evidence, he testified that he considered that apartment to have been his permanent residence. For the fourth time from the witness stand he admitted that the Catherine Street apartment *Page 133 
constituted his permanent quarters according to the policy. After living there for the eighteen months, he moved to another apartment in Mobile where he was still residing at trial time in January 1982. As of that date, he had not commenced rebuilding his beach house on Dauphin Island.
The trial court found no ambiguity in the provisions of Coverage D. We have not been cited to any case which holds that the language of the additional living expense coverage terms of the policy is ambiguous. Courts in other jurisdictions have considered identical coverage provisions without any indication of uncertainty in the meaning of the words thereof. PhoenixAssurance Co. of New York v. Singer, 221 F. Supp. 890 (E.D.Mo. 1963), aff'd, 331 F.2d 10 (8th Cir. 1964); Carlyon v. AetnaCasualty Surety Co., 413 So.2d 1355 (La.App. 1982); Dodge v.United Services Automobile Association, 417 A.2d 969 (Me. 1980). We find the additional living expense provisions of Coverage D to be unambiguous.
Mr. Wallace contends that he was entitled to the protection which he reasonably expected to receive. However, since the language of the policy provision is not ambiguous, the reasonable expectations theory is here inapplicable for we are not authorized to rewrite the policy.
 "Policies of insurance being carefully prepared by the insurer, when containing provisions reasonably subject to different constructions, one favorable to the insurer and one favorable to the insured, the construction favorable to the insured shall prevail. As sometimes stated the insured is entitled to the protection which he may reasonably expect from the terms of the policy he purchases.
 "In giving effect to this rule, it is equally important that the contract made by the parties shall prevail, and no new contract be interpolated by construction.
 "Provisions clearly disclosing their real intent are not to be given a strained construction to raise doubts where none reasonably exist. No citation of authority need be made in support of these well settled principles."
Aetna Casualty Surety Co. v. Chapman, 240 Ala. 599,200 So. 425 (1941).
Since the trial court heard the evidence, which was presented at the trial, the final judgment is presumed to be factually correct and the findings of the trial court will not be disturbed unless they are palpably wrong, without supporting evidence or manifestly unjust. Farm Country Homes, Inc. v.Rigsby, 404 So.2d 573 (Ala. 1981). Mr. Wallace's own testimony as to his permanent residence being located at his Catherine Street apartment is supportive of the holding of the circuit court. The decision of the trial court is not clearly wrong, nor is it unjust. The final judgment is affirmed.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975), and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.