WRIGHT, Presiding Judge.
A subrogation suit was begun in the names of the insured and insurer against defendant for recovery of $7,500 paid by the insurer to its insured under the uninsured motorist coverage of a policy of automobile liability insurance. Defendant moved to dismiss, and plaintiffs amended to correct the date of the accident. Defendant filed a general answer. About one year later, plaintiffs amended the complaint by adding as a party plaintiff the son of insured who was operating the insured motorcycle involved in the accident and claiming in count two damages for his personal injury. Defendant moved to strike the amendment, alleging it was filed without leave of court contrary to Rule 15, Alabama Rules of Civil Procedure (A.R.Civ. P.). The motion was denied. Trial by the court without a jury followed. Judgment was entered for plaintiffs in the sum of $7500.
Defendant appeals, charging error in the denial of her motion to strike the last amendment and the insufficiency of the evidence to support the judgment.
As to the first charged error, defendant relies upon Rule 15, A.R.Civ.P., as it was first adopted. Her reliance is misplaced, as Rule 15 was amended on June 15, 1975, to remove the requirement of obtaining first leave of court by written pleading before amending a complaint after answer. The rule now provides that amendments, though subject to motion to strike, are to be “freely allowed when justice so requires.” The allowance of amendment is subject only to'the discretion of the court. The opposing party must show actual prejudice or undue delay. Bracy v. Sippial Electric Co., 379 So.2d 582 (Ala.1980). There being no such showing by defendant in this case, there was no error.
*654 Having determined that allowing the amendment to the original subrogation claim which added to the suit the personal injury claim of the operator of the insured vehicle, recovery was not limited to the amount paid by the insurer. By the terms of the policy, the insurer is obligated to its insured under uninsured motorist coverage only in the amount of the damages due insured from the uninsured motorist.' A judgment against the uninsured motorist obtained by the insured after notice to insurer, is conclusive against the insurer within the limits of the policy. Almeida v. State Farm Mutual Insurance Co., 53 Ala.App. 175, 298 So.2d 260 (1974). However, settlement between insurer and insured for a lesser amount before suit against the uninsured motorist, does not limit the amount of recovery by insured in that suit.
The contention of appellant that the actual monetary loss shown suffered by plaintiffs Anderson was $2,675.25 is correct. However, there was evidence presented indicating pain and suffering, scarring and possible future skin grafts. The trial court, as the trier of facts, was at liberty to award additional sums for those things. This court upon review of the judgment rendered after ore tenus hearing must presume it to be correct. Only a showing of an absence of supporting evidence and manifest unjustness will support our reversal. Wallace v. Auto-Owners Insurance Co., 421 So.2d 131 (Ala.Civ.App.1982). We find no such ground for reversal.
Appellees’ answer in brief to the second and third issues presented by appellant is insufficient. The reliance upon the authority of Perdue v. Gates, 403 So.2d 165 (Ala.1981), and similar cases, is in this case misplaced. The rule of those cases, requiring the filing of motions for directed verdict or J.N.O.V. in order to obtain review on appeal of the issue of sufficiency of the evidence, applies only to jury cases. The rule as to non-jury cases is to be found in the case of Securitronics of America, Inc. v. Bruno’s, Inc., 414 So.2d 950 (Ala.1982).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.