ADAMS, Justice.
The plaintiff, Tom Williams, in his individual capacity and as majority shareholder of American Roof Deck Company, Inc., appeals a summary judgment entered for the defendants, American Southern Roof Deck Company; Vanguard Roof Deck Company, Inc.; SRD, Inc.; Southern Roof Deck Company, Inc.; Howard Ayers; Jack Ganus; Jimmy Speigner; and Danny Speigner. Williams contends that the trial court improperly struck two amendments to his complaint. The first amendment would have added American Roof Deck Company, Inc., as a plaintiff and would have added a claim alleging breach of Williams’s employment contract with Southern Roof Deck Company. The second amendment would have added a claim alleging breach of the noncompetition clause in his employment contract.
In 1984, two companies, American Roof Deck Company, Inc., and Vanguard Roof Deck Company, Inc., formed a general partnership, American Southern Roof Deck. At the time of the agreement, Tom Williams and Jimmy Speigner were shareholders in American; Howard Ayers and Jack Ganus were shareholders in Vanguard. American and Vanguard were the only partners in American Southern Roof Deck and, as part of the agreement entered into between the parties, both companies contributed capital as well as construction contracts to the newly formed company. In 1985, American Southern Roof Deck experienced financial difficulties and was dissolved. Williams filed this action in December 1987, contending that the assets of American Southern had not been distributed pursuant to the agreement between the parties. The defendants moved for a summary judgment in August 1990, contending that Tom Williams was not the proper party in interest because he was not a partner in American Southern Roof Deck. Following the filing of the motion for summary judgment and almost three years after the complaint was filed, Williams filed an amendment adding American Roof Deck as a party plaintiff and asserting a claim based on breach of an employment contract. Thereafter, he filed another amendment to include a claim alleging breach of a noncompetition clause in the employment contract with American Southern Roof Deck. American Southern Roof Deck objected to the amendments, contending that all material discovery had been completed when the second amendment was filed and that, therefore, it would be unduly prejudiced and that both amendments had been filed to defeat the motion for summary judgment. The trial court ultimately struck the amendments on the basis of undue delay and granted the defendants’ motion for summary judgment.
Williams contends that the spirit of Rule 15(a), A.R.Civ.P., requires that we reverse this case and instruct the trial court to allow the amendments. We disagree. This case was almost three years old when Williams filed the first amendment and almost four and one-half years old when he filed the second amendment. While it is true that amendments should be freely and liberally allowed, it is within the discretion of the trial court to allow or disallow them. See Messer v. Anderson, 446 So.2d 652, 653 (Ala.Civ.App.1984).
“We have frequently recognized that undue delay in filing an amendment, when it could have been filed earlier based on the information available or discoverable, is in itself ground for denying an amendment. Stallings v. Angelica Uniform Co., 388 So.2d 942, 947 (Ala.1980).”
Puckett, Taul & Underwood, Inc. v. Schreiber Corp., 551 So.2d 979, 984 (Ala.1989). The amendments were based on information and facts available to Williams when he filed the action.
Williams filed the first amendment almost three years after he filed the action and after the defendants had moved for a summary judgment. Although that case is not directly on point, this Court addressed the disallowance of amendments after trial had been set in a case that had been pending for several years:
*329 “The only other argument advanced for reversal centers on the trial court’s disallowing an amendment to the complaint offered by the plaintiff after the case had been set for trial and after it had been pending for several years. We have carefully considered this contention and are convinced that the trial court did not abuse its discretion in this regard.”
Burge v. Jefferson County, Alabama, 409 So.2d 800, 802 (Ala.1982).
Given the length of the delay and the fact that Williams did not attempt to amend until after a motion for summary judgment was filed, we cannot say that the trial court abused its discretion in striking the amendments and entering the summary judgment for the defendants.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.