This is an appeal from a summary judgment in favor of Federated Guaranty Mutual *Page 1265 
Insurance Company ("Federated") on a claim for uninsured motorist benefits.
On October 9, 1985, Paul Isler was a passenger in a vehicle owned by his employer, Palmer Electric Company, and insured by Reliance Insurance Company ("Reliance"). This vehicle collided with an automobile driven by John Boatwright; both Isler and Boatwright were injured. On October 6, 1987, Isler filed an action against Boatwright, Reliance, and Federated, Isler's personal insurance company, for damages to compensate for injuries and expenses incurred as a result of the accident. Both the Reliance policy and the Federated policy contained uninsured motorist provisions. Isler alleged that Boatwright was an underinsured motorist.
Boatwright died as a result of injuries received in the accident. On October 5, 1988, Isler received a settlement of $35,000 from Reliance. On November 29, 1988, Isler settled his action against Boatwright's estate for approximately $20,000, apparently the limits of Boatwright's liability insurance, and executed a pro tanto release. Both Boatwright's estate and Reliance were dismissed with prejudice by the court on Isler's motion, leaving only the action against Federated pending. Federated filed a motion for summary judgment, pursuant to Rule 56, Ala.R.Civ.P., attaching the affidavit of Tanya Clemon, Reliance's claims representative, in support of its motion. In that affidavit, Clemon stated that Reliance's uninsured motorist coverage was $20,000, but that through "stacking" of coverages there was a total of $60,000 available to Isler. Based on those statements, Federated argued that because only $35,000 was paid to Isler, Isler did not exhaust Reliance's coverage and that Federated, being only secondarily liable, is not obligated to pay. Isler filed an affidavit in opposition to Federated's motion for summary judgment, stating that Clemon had told him that Reliance was obligated to pay him only $20,000 because he was a passenger in the vehicle and, therefore, was not entitled to stack insurance coverage. The trial court granted Federated's motion and entered a summary judgment.
Federated asserts that it has only a secondary obligation to Isler, which is activated only when Reliance's primary obligation is fully expended. The Federated policy is not in the record, however, so there is no basis on which to conclude that Federated's coverage is secondary to Reliance's. The determination of which insurance coverage is primary and which, if any, is secondary is dependent upon the exact language of each policy. See Gaught v. Evans, 361 So.2d 1027 (Ala. 1978);Protective National Ins. Co. of Omaha v. Bell, 361 So.2d 1058
(Ala. 1978).
Because Federated's policy was not introduced in support of its motion for summary judgment, the motion should not have been granted. The judgment is therefore reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.